UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARREN DEON JOHNSON,

        Plaintiff,                Case No. 1:23-cv-243

v.                                    Honorable Phillip J. Green

UNKNOWN BROOKE, et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1.) Plaintiff has requested leave to proceed *in forma* pauperis. (ECF No. 2.) Upon review, the Court has determined that Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). That means payment should precede preliminary review pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), which the Court is required to conduct prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). (ECF No. 1.) That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to enter an order denying Plaintiff leave to proceed *in forma pauperis* and directing him to pay the $402.00 filing fee. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Because Plaintiff is not permitted to proceed *in forma pauperis* in this matter, the Court will order him to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] This fee must be paid within twenty-

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to

3

eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d at 380–81.

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id*. For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id*. at 1288.

---

applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Johnson v. Quist*, No. 2:12-cv-11907 (E.D. Mich. July 10, 2012); *Johnson v. Kuehne*, No. 2:12-cv-12878 (E.D. Mich. July 31, 2012); *Johnson v. Harrison*, No. 2:12-cv-12543 (E.D. Mich. Aug. 2, 2012). Plaintiff also has, on multiple occasions, been denied leave to proceed

5

*in forma pauperis* by this Court, the United States District Court for the Eastern District of Michigan, and the Sixth Circuit Court of Appeals.

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably

6

conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

In the present complaint, Plaintiff alleges that Defendants have violated his due process and First Amendment rights by interfering with Plaintiff's administrative grievance remedy. Plaintiff contends that he is in imminent danger of serious physical injury because the situation is causing him "panic attacks leading to heart palpitations, chest pains, labored breathing, choking sensations, and paralysis." (Compl., ECF No. 1, PageID.3.) Plaintiff conveniently provides a supporting citation, *Ciarpaglini v. Saini*, 352 F.3d 328 (7th Cir. 2003), where the plaintiff coincidentally suffered exactly the same symptoms and the court concluded the circumstance constituted imminent danger of serious physical injury.

In *Ciarpaglini,* the constitutional wrong—the denial of medications to treat bipolar disorder, panic disorder, and attention deficit hyperactivity disorder—was alleged to have directly caused the symptoms at issue. That is a far different situation than Plaintiff faces. For Plaintiff, apparently the due process violations cause stress which, in turn, causes the symptoms.

This particular constellation of symptoms appears to affect Plaintiff quite a bit:

1. On February 13, 2023, Plaintiff alleged in *Johnson v. Mosier et al.*, No. 1:23-cv-169 (W.D. Mich.), that he suffered those symptoms as a result of due process violations from misconduct and grievance proceedings.

2. On March 7, 2023, Plaintiff alleged in this case, *Johnson v. Brooke et al.*, No. 1:23-cv-243 (W.D. Mich.), that he suffered those symptoms as a result of the Defendants' failure to properly process his grievances.

3. On March 7, 2023, Plaintiff alleged in *Johnson v. Furmando et al.*, No. 1:23-cv-244 (W.D. Mich.), that he suffered those symptoms as a result of the

7

    Defendants' retaliatory interference with his legal papers and writing of false misconducts.

4. On March 7, 2023, Plaintiff alleged in *Johnson v. Spitzley et al.*, No. 1:23-cv-245 (W.D. Mich.), that he suffered those symptoms as a result of the Defendants' failure to provide him enough sets of clothing and interference with Plaintiff's grievances.

5. On December 31, 2022, Plaintiff alleged in *Johnson v. Cobb et al.*, No. 2:23-cv-10092 (E.D. Mich.), that he suffered those symptoms as a result of the Defendants' failure to process his grievances.

6. On December 31, 2022, Plaintiff alleged in *Johnson v. Poupard et al.*, No. 2:23-cv-10094 (E.D. Mich.), that he suffered those symptoms as a result of the Defendants confiscating his legal papers.

7. On December 22, 2022, Plaintiff alleged in *Johnson v. Austin et al.*, No. 2:23-cv-10021 (E.D. Mich.), that he suffered those symptoms as a result of the Defendants' false misconducts, retaliations, and grievance interference.

8. On June 6, 2022, Plaintiff alleged in *Johnson v. Madery et al.*, No. 3:22-cv-11304 (E.D. Mich.), that he suffered similar symptoms (chest and head pains) as a result of the Defendants' interference with Plaintiff's access to the courts.

9. On June 3, 2022, Plaintiff alleged in *Johnson v. Schultz et al.*, No. 5:22-cv-11273 (E.D. Mich.), that he suffered chest pains because, two months earlier, two defendants had failed to wear masks, and then the rest of the defendants had failed to process Plaintiff's grievances about it.

10. On March 20, 2022, Plaintiff alleged in *Johnson v. Serminski et al.*, No. 2:22-cv-10660 (E.D. Mich.), that he suffered chest pain and anxiety because on May 25, 2021, Defendants had taken his property and denied him due process and interfered with Plaintiff's right to pursue grievances about it. Plaintiff repeated those imminent danger allegations on appeal, *Johnson v. Serminski*, No. 22-1256 (6th Cir.).

11. On September 25, 2017, Plaintiff alleged in *Johnson v. Miller et al.*, No. 1:17-cv-884 (W.D. Mich.), that he suffered from the *Ciarpaglini* symptoms because Defendants had refused to make photocopies for him or interfered with his grievances about the photocopies.

Neither the Sixth Circuit Court of Appeals, the United States District Court for the Eastern District of Michigan, nor this Court have ever accepted Plaintiff's conclusory restatement of the *Ciarpaglini* symptoms as an adequate allegation of imminent

danger of serious physical injury. In *Johnson v. Serminski*, No. 22-1256 (6th Cir. Dec. 29, 2022), the Sixth Circuit explained:

> In his complaint, Johnson alleged that he cannot stop thinking about the loss of his personal property and that his thoughts have resulted in severe chest pain, migraines, and emotional distress—all posing a serious threat to his physical health. But these ailments that Johnson allegedly experiences do not satisfy the serious-physical-injury requirement. *See Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019) ("Chest pains, muscular restlessness, seizures, vomiting, stomach cramps, and dizziness can cause discomfort and pain, to be sure. But they are typically temporary and rarely life threatening."). And Johnson's claim that he is at risk of death from a heart attack because of these ailments is not plausible.

*Id.* at p. 3. For the same reasons Plaintiff has failed to sufficiently allege imminent danger of serious physical injury in this case.

Absent a proper allegation of imminent danger of serious physical injury, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated: __March 21, 2023__   /s/ Phillip J. Green
                                                                 PHILLIP J. GREEN
                                                                 United States Magistrate Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**